## ROBESON & AL.'s SYNDICS vs CARPENTER.

Judgment against a garnishee does not prevent his creditor from shewing that a large sum is due.

When the plaintiff in attachment releases the garnishee against whom he has judgment, the claim of the defendant in attachment is revived. But the latter cannot issue execution till the satisfaction be entered on the judgment of the plaintiff in attachment.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This action is on an open account, and was commenced by attachment. The court below gave judgment in favour of the plaintiffs, and the defendant appealed.

The most important questions in the cause grow out of proceedings which have taken place in the state of Mississippi against the defendant, who has been cited and condemned there as garnishee of the insolvents. He contends the judge erred: first, in not considering this judgment as *res judicata*, which precluded the plaintiffs from claiming more in the present action than he was considered to owe in that suit: and secondly, in including the sum for which he was condemned as garnishee in the decree now appealed from.

On the first point, we are of opinion that
such a judgment does not preclude the defen-
dant in attachment from shewing that his debtor, who was summoned as garnishee, owes more than he was ordered to pay in that quality. To give to a judgment the authority of *res judicata*, it is among other things necessary that the demand must have been between the same parties, and formed by them, against each other, in the same capacity. The present plaintiffs were defendants in the former suit, and were no way interested in establishing that funds of their's were in the garnishees hands. The *contestatio litis* was not formed between them on that point, nor on any other.

On the trial the plaintiffs agreed they would not put the judgment they expected to obtain in execution, until the defendant was written to, at his residence in the state of Mississippi, to ascertain from him whether he would be safe in paying here the amount for which he had been condemned as garnishee; and that if he decided he was not, they would not exact the same under the judgment. They further introduced a release from the plaintiffs in attachment in Mississippi, by which they discharged him from the payment of the judg-

Eastern Dist.
May, 1828.

ROBESON &
AL.
vs.
CARPENTER

ment in their favour, and promised they would execute any other acquittance he might require. They further stipulated that payment to the syndics should be a complete bar to their demand.

The case of a defendant who has been sued in another country, as garnishee of his creditor, and against whom judgment has been rendered in that capacity, is *sui generis*. Altho' it does not, for the reasons already mentioned in the first point, authorise the plea of *res judicata*, it offers such strong and equitable claims to protection, that it has been held by courts in other countries it might be pleaded in a subsequent action brought by the creditor. We have, in a former case, recognised the correctness of this doctrine, and we are satisfied the debtor in such cases should be protected. *5 John.* 102. *8 Mass.* 458. *10 Martin.* 628.

But as the defence is an equitable one, we do not think the court erred, under all the circumstances of the case, in giving judgment for the plaintiffs. When the creditors who had obtained judgment in the attachment suit, released the defendant from all responsibility, the right of the original creditors is revived.

Eastern Dist.
*May*, 1828.

ROBESON &
AL.
*vs.*
CARPENTER

The court, however, should have directed that execution should not issue, until the plaintiff in the attachment in Mississippi entered satisfaction on record there, of the judgment against the garnishee. The release here was *sous sring prive*, and the defendant ought not to be compelled to prove it in Mississippi, and obtain a discharge on record in that state. The plaintiff should place him in the same situation as if that suit had not been brought.

We think the court below acted correctly in rejecting the claim for extra freight. But we are of opinion it erred in giving judgment for the one per cent. commission for accepting the drafts of the defendants. The witnesses sworn on the trial (and they were all commission-merchants) declared, after an inspection of the account, that they would not make such a charge. The judge below was of opinion that as they said they would make other charges which would be equivalent, this should be allowed. But those charges appear to us still less susceptible of legal sanction than that made in this case.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be annulled, avoided, and reversed. And it is

ROBESON &
AL.
vs.
CARPENTER

further ordered and decreed that the plaintiff do recover of the defendant the sum of two hundred and seven dollars and 74 cents, with interest from judicial demand, and costs in the court of the first instance. But that they shall not take out execution, until they file in the office of the clerk of the parish court, a copy (duly authenticated by the clerk of the court in the state of Mississippi, where judgment has been rendered against the defendants as garnishees of the insolvent) of the satisfaction entered on record, by the plaintiff in that suit, of the judgment so obtained by them as aforesaid. It is further ordered that the appellees pay the costs of this appeal.

*M'Caleb* for the plaintiffs—*Watts & Lobdell* for the defendant.